DECISION
This is an appeal by the plaintiff, Wayne Distributing Co., (Wayne), from a decision of the Rhode Island Commission for Human Rights, (Commission), finding that the plaintiff discriminated against the defendant, Robert T. Weulleh, based on his race, color, sex, and ancestral origin. Wayne seeks a reversal of the Commission's decision in addition to a denial and dismissal of the claim of Robert T. Wuelleh. Additionally, Wayne asks that the court review this matter in light of FUD's, Inc., et al. v. Stateof Rhode Island, et al., 727 A.2d 692 (R.I. 1999). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
In bringing this timely appeal, Wayne has submitted a supplementary memorandum asking that the issues presented here be reviewed in light of FUD's, Inc., et al. V. State of RhodeIsland, et al., 727 A.2d 692 (R.I. 1999). In the FUD's, Inc., case, the plaintiff, FUD's, Inc., claimed that the statutory construction of § 28-5-1 et seq., the Fair Employment Practices Act, (FEPA), operated to deprive it of its constitutional right to a jury trial as set out in Article I, § 15 of the Constitution of the State of Rhode Island. The Rhode Island Supreme Court, therefore, examined the following question certified to them by the Superior Court:
 Whether the procedure created by R.I. Gen. Laws § 28-5-1 et seq. And R.I. Gen. Laws § 42-35-1 et seq., together operated to deprive respondents in proceedings before Rhode Island's Commission for Human Rights a right to a jury trial as set forth in Article I, § 15 of the Constitution of the State of Rhode Island? Id. at note 1.
The Supreme Court first noted that a right to a jury trial "must remain available to litigants in any type of legal action which was triable before a jury in 1843, the year when Rhode Island's first constitution became effective." Id. at 695. Although a remedy under FEPA was traditionally an equitable one, "the remedies added by the 1991 amendment — compensatory and punitive damages — constitute traditional forms of legal relief" Id. At 696 (citing Curtis v. Loether, 415 U.S. 189, 195-96, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260, 267 (1974)). Therefore, a claim under FEPA for compensatory and punitive damages is a "type of legal action" that triggers the right to a jury trial.
Pursuant to the Rhode Island Supreme Court's determination of this question, Wayne has been deprived of its constitutional right to a jury trial as prescribed by Article I, § 15 of the Constitution of the State of Rhode Island. The decision of the Commission is in violation of constitutional provisions. Substantial rights of the plaintiff have been prejudiced. Accordingly, this Court sustains the appeal of the plaintiff and remands the case to the Commission before which plaintiff may request a jury trial pursuant to G.L. 1956 § 28-5-24.1.
Counsel shall prepare and submit an appropriate Order for entry of Judgment in accordance herewith, within ten days.